## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SANDRA KINDNESS | : | Case No.: 3:20-cv-137 |
| 8338 Cypress Ln. | : | |
| Liberty Township, Ohio 45044 | : | Judge _____ |
| Plaintiff, | : | |
| v. | : | |
| ANTHEM, INC. | : | **COMPLAINT WITH JURY DEMAND** |
| 3350 Peachtree Road NE | : | **ENDORSED HEREON**_____ |
| Atlanta, Georgia 30326 | : | |
| and | : | |
| ASPIRE HEALTH PARTNERS | : | |
| c/o CT Corporation System | : | |
| 4400 Easton Commons Way | : | |
| Suite 125 | : | |
| Columbus, Ohio 43219 | : | |
| Defendants. | : | |

## PARTIES AND JURISDICTION

1. Plaintiff Sandra Kindness ("Plaintiff") is a resident and citizen of Butler County, Ohio.

2. Defendant Anthem, Inc. is a for-profit corporation located in and doing business in the Southern District of Ohio. Defendant Aspire Health Partners is an affiliate of Anthem, Inc. doing business in the Southern District of Ohio.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's Count I arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et* seq.

4. This Court has supplemental jurisdiction over Plaintiff's Count II, a state law claim under O.R.C. § 4112.02(N), pursuant to 28 U.S.C. § 1367 on the grounds that they are so related to the federal claim, over which the Court has original jurisdiction, that they form part of the same case or controversy.

5. Venue is proper in this Division and District because Plaintiff was employed in the Southern District of Ohio, Western Division at Dayton.

6. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 14, 2019, within 180 days of her termination on November 2, 2018.

7. Plaintiff received a Notice of Suit Rights letter from the EEOC on or after January 13, 2020.

8. Plaintiff is filing this suit within 90 days of receiving the Notice of Suit Rights from the EEOC.

**FACTUAL ALLEGATIONS**

9. Aspire Health Partners, P.C. ("Aspire") hired Plaintiff as an Advanced Practice Provider on June 6, 2016.

10. Katy Lanz, Chief Clinical Officer, hired Plaintiff.

11. At the time of her hire, Plaintiff had seven years of experience as a Nurse Practitioner, and 30 years of experience as a Registered Nurse.

12. Before her employment with Defendants, Plaintiff served as the Clinical Practice Manager for CVS/Minute Clinic ("CVS"), where she participated in the launch and training of other nurse practitioners in the clinic's use of the EPIC electronic medical record (EMR).

13. Plaintiff was considered a "super user" of the EPIC system and participated in the team that CVS selected to implement staff training.

14. In August 2016, Linda Rimmer, Regional VP of Clinical Operations for the Southwest and Midwest regions promoted Plaintiff to Clinical Director.

15. Shortly thereafter, Rimmer moved to a different market and no one was available to train Plaintiff on her new role.

16. During her time as Clinical Director, Plaintiff supported the Columbus, Dayton and Kentucky markets, hiring numerous nurse practitioners to staff the areas.

17. Less than a year into her role, Plaintiff began reporting to Emily Cook, Chief Clinical Operations Officer, and Jessica Rousseaux, Regional Vice-President of Clinical Operations.

18. Cook and Rousseaux moved Plaintiff to a Team Lead position. Both explained that they felt this role was a better fit for Plaintiff, but indicated it was not a demotion. Plaintiff's salary and benefits remained unchanged.

19. In Plaintiff's 2017 performance evaluation, she received an overall rating of proficient.

20. In 2018, Plaintiff received a raise for her performance.

21. In mid-2018, Defendant Anthem acquired Aspire.

22. On November 2, 2018, Plaintiff's employment was abruptly terminated by Samantha Piotrowski, Manager II Clinical Field Operations.

23. During the termination call, Defendants' stated reason for terminating Plaintiff was "restructuring" due to the acquisition. However, following her termination, Defendants

claimed that Plaintiff's employment was terminated because she would be unsuccessful in using Defendants' updated "clinical model and EMR."

24. On the date of her termination, Plaintiff was 64 years old.

25. Defendants retained Plaintiff's Team Lead counterpart, who was in her thirties.

26. At the time of her termination, Plaintiff covered the Dayton and Columbus markets. She also split time with her Cincinnati Team Lead counterpart covering the Kentucky market.

27. Upon information and belief, following Plaintiff's termination, Defendants hired a significantly younger Team Lead for the Kentucky market.

## COUNT I

### (Age Discrimination – Age Discrimination in Employment Act)

28. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

29. Plaintiff is over 40 years old.

30. Defendants intentionally discriminated against Plaintiff on the basis of her age by, including but not limited to, treating her less favorably than similarly situated, significantly younger employees, and terminating her employment on account of her age in violation of the ADEA.

31. Defendants' conduct was willful, intentional, wanton, malicious, and in reckless disregard of Plaintiff's rights.

32. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered injury and damage and is entitled to judgment and compensation.

## **COUNT II**

**(Age Discrimination – O.R.C. 4112)**

33. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

34. Plaintiff is over 40 years old.

35. Plaintiff was fully qualified for her position at all relevant times.

36. Defendants' conduct in discriminating against Plaintiff includes, but is not limited to, treating her less favorably than similarly situated, significantly younger employees and terminating her employment on account of her age in violation of O.R.C. Chapter 4112.

37. Defendants' conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

38. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and is entitled to judgment and compensation.

**WHEREFORE**, Plaintiff demands relief as follows:

    a. That Plaintiff be reinstated to her position effective immediately;

    b. That Plaintiff be awarded all lost pay and benefits;

    c. That Plaintiff be awarded front pay;

    d. That Plaintiff be awarded liquidated damages;

    e. That Plaintiff be awarded pre-judgment interest;

    f. That Plaintiff be awarded compensatory damages for the emotional distress she suffered;

    g. That Plaintiff be awarded punitive damages;

    h.    That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years;

    i.    That Plaintiff be awarded reasonable attorneys' fees and costs; and

    j.    That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

*/s/ Katherine Daughtrey Neff*
Katherine Daughtrey Neff (0082245)
Trial Attorney for Plaintiff
Freking Myers & Reul LLC
600 Vine St., 9th Floor
Cincinnati, Ohio 45202
Phone: (513) 721-1975
Fax: (513) 651-2570
*kneff@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Katherine Daughtrey Neff*